**WARGA, Deceased, Estate of, In re: HORAP,
Plaintiff-Appellant, v. CSUTOROS, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22621.   Decided February 2, 1953.

A. W. Bell, for plaintiff-appellant.
F. E. Boldizer, Cleveland, for defendant-appellee.

(HUNSICKER, PJ, DOYLE, J, STEVENS, J, of the 9th District sitting by designation in the 8th District.)

## OPINION

By HUNSICKER, PJ.

Elizabeth Warga, deceased, by her last will and testament, gave to Katherine Horap Five Hundred Dollars ($500.00) and named in such instrument The Reverend Stephen W. Csutoros as the executor and residuary legatee.

Elizabeth Warga died on October 7, 1951, and before her death gave to her executor, her savings bank books. One of the savings bank pass books showed more than $4800.00 on deposit with the bank.

The inventory filed in the estate of Elizabeth Warga, deceased, disclosed an estate of $747.83. Katherine Horap filed her exceptions to this inventory. This exception was overruled and Katherine Horap on May 9, 1952, filed in the Probate Court a complaint for concealing assets asking that the executor, Reverend Stephen W. Csutoros be required to ap-

pear in Probate Court and "answer under oath as to what disposition he has made of said Four Thousand Dollars * * *." Summons on such complaint was served upon the executor to appear before the Probate Court on June 2, 1952, and "then and there to submit to an examination, under oath, touching the matters of said complaint. * * *."

At the hearing on the complaint, the executor did not testify but his counsel said, among other things:

"Some time before the administration, four thousand dollars was withdrawn on a withdrawal slip from the bank, which amount of four thousand dollars, under the will, the administrator had the right to do what he pleased with * * * and this four thousand dollars was turned over to the Presbyterian Church * * *."

At the time of the hearing on the complaint, counsel and the court were informed that Elizabeth Warga died on October 8, 1951. The application for letters testamentary was signed by the executor, Reverend Stephen W. Csutoros, who made oath to such application before a notary public. The application stated that the date of death of Elizabeth Warga was "on or about the 8th day of October, 1951" and that "Rev. Stephen W. Csutoros, 3655 Beckett Road" was the only legatee with a legacy estimated at $1000.00.

The hearing on the complaint disclosed that a savings account withdrawal form dated October 8, 1951, bearing the name of Elizabeth Warga was presented to Central National Bank of Cleveland on October 8, 1951, and the bank paid out of the Elizabeth Warga savings account, to some person, the sum of $4,000.00, on that date—October 8, 1951. (It is now freely admitted that the bank, upon the surrender of the savings pass book and the withdrawal slip on October 8, 1951, issued its official check to "First Magyar Presbyterian Church" in the sum of Four Thousand Dollars ($4000.00) which check was deposited to the account of the church.)

The complaint of Katherine Horap was heard on June 12, 1952. The court found the executor not guilty and dismissed the complaint.

On June 13, 1952, counsel for Katherine Horap filed a motion for a rehearing of the complaint on the ground of newly discovered evidence. This new evidence indicated that Katherine Warga died October 7, 1951, a day before she is supposed to have signed the withdrawal form which gave to some person the $4000.00 that went into the account of First Magyar Presbyterian Church. The record also shows that the manager of the rest home where Elizabeth Warga died notified Rev. Stephen W. Csutoros of her death on the very day on which she died.

The Probate Court denied the motion to grant a rehearing and refused a request of the complainant to continue the matter for the purpose of securing the testimony of the executor who was then under subpoena.

It is from the judgment of dismissal of the complaint and the denial of the motion for a new trial that an appeal on questions of law is before this court.

The Supreme Court, in the case of **In re Estate of Black, 145 Oh St 405,** said:

"Syl. 1. **Secs. 10506-67** and **10506-73 GC,** provide a summary means, **inquisitorial in nature,** to recover specific property, or the proceeds or value thereof belonging to a trust estate, **title to which was in a decedent at his death,** or in a ward when his guardian was appointed; or to recover property belonging to a trust estate, concealed, taken or disposed of after the appointment of the fiduciary." (Emphasis ours.)

At the time of the hearing on the complaint, it was believed that Elizabeth Warga died on October 8, 1951, the same day that the withdrawal form was presented to the bank for payment. With those facts before it, the trial court did not know, and no evidence was offered to show, whether the transaction whereby the money was paid to First Magyar Presbyterian Church was before or after the deceased's death. It must be remembered too that the application for appointment filed by Reverend Mr. Csutoros gave the date of death as October 8, 1951.

When it was discovered by counsel for Katherine Horap that the date of death was October 7, 1951, the motion for new trial was immediately filed, to-wit, June 13, 1952. The trial court then had before it the interesting fact that a withdrawal of funds was accomplished by means of a bank withdrawal form purportedly signed by the deceased a day after her death. Reverend Mr. Csutoros had possession of the savings account books, he knew of the exact time of death, and he knew that the will named as the first legatee the complainant herein, Katherine Horap. These facts which we deem material and competent were given to the trial court, but notwithstanding such evidence the court denied the complainant's motion for a new trial.

Under the circumstances herein, the complainant cannot be charged with a lack of due diligence. The new evidence presented went to a vital issue in the case, for how could funds which were the property of the deceased be withdrawn by an order of the deceased prepared after her death?

Were the funds not a part of the estate at the time she died and in which funds Katherine Horap and the inheritance tax department of the State of Ohio were vitally interested.

The refusal of the trial court to grant a new trial in the judgment of this court constituted an abuse of discretion. The prejudicial error so committed compels this court to reverse the judgment refusing to grant a new trial. Therefore we remand the cause to the probate court for further proceedings.

Judgment reversed and cause remanded. Exceptions. Order see journal.

DOYLE, J, STEVENS, J, concur.